653 F.2d 112
 27 Fair Empl.Prac.Cas. 199,
26 Empl. Prac. Dec. P 31,904
Willis MUSKELLY, individually and on behalf of others
similarly situated, Appellee,
v.
WARNER AND SWASEY COMPANY, Appellant.
 No. 80-1872.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 7, 1981.
Decided June 25, 1981.
 
 John R. Wester, Everett J. Bowman, Charlotte, N.C. (Richard A. Vinroot, Fleming, Robinson, Bradshaw & Hinson, P.A., Charlotte, N.C., on brief), for appellant.
 Jeffrey L. Bishop, Charlotte, N.C. (Casey & Bishop, P.A., Charlotte, N.C., on brief), for appellee.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and ERWIN*, District Judge.
 MURNAGHAN, Circuit Judge:
 
 
 1
 Willis Muskelly instituted suit under Title VII, 42 U.S.C. § 2000e, et seq. and under 42 U.S.C. § 1981 (1974), charging Warner and Swasey Co. with racial discrimination in failure to promote. In addition to pursuing his individual claim, Muskelly sought to represent employees and applicants for employment in a class action suit challenging allegedly discriminatory employment practices involving job placement, terms and conditions of employment, promotions, and hiring. After the class had been certified, but before judgment, the district court permitted several class members to intervene as named plaintiffs. Eugene Dawkins, one of the intervenors, complained of discriminatory refusal to hire. Another intervenor, James Davis, presented a claim involving discriminatory refusal to promote.
 
 
 2
 After trial, the district court, having found no pattern or practice of discrimination on the grounds of race, denied class relief and decertified the class. It also found in favor of Warner and Swasey on all individual claims except those of Muskelly, Dawkins, and James Davis. There has been no appeal from the determinations in favor of Warner and Swasey.
 
 
 3
 Warner and Swasey contends that it was error to permit Dawkins to intervene. Relying on Hill v. Western Electric Co., Inc., 596 F.2d 99 (4th Cir. 1979), cert. denied, 444 U.S. 929, 100 S.Ct. 271, 62 L.Ed.2d 186 (1979), Warner and Swasey argues that rejected job applicants, like Dawkins, "do not belong in the same class as incumbent employees," like Muskelly. However, the argument misperceives the holding of Hill. In Hill, on the facts there presented, we concluded that a named plaintiff who was already employed lacked a sufficient identity of interest to represent someone complaining of refusal to hire who was not personally before the court. Here Dawkins was before the court. Hill did not assert that a class represented by one person complaining of failure to promote and by another complaining of failure to hire was improperly constituted. Intervention by Dawkins, at a time when the class was certified, was appropriate as a means of preserving the rights and interests of putative class members. Cf. Goodman v. Schlesinger, 584 F.2d 1325 (4th Cir. 1978); Cox v. Babcock & Wilcox, 471 F.2d 13 (4th Cir. 1972). It was not error for the district court to allow Dawkins to intervene as a named plaintiff, and, thereafter, to represent himself as well as the class. The record discloses that questions of law and fact in common existed between Muskelly and Dawkins and the class. F.R.Civ.P. 23(d); 24(b)(2).
 
 
 4
 With regard to the three individual claims, examination of the record satisfies us that the issues of fact were fairly controverted, with sufficient evidence present to sustain the findings of the district judge. They were not clearly erroneous.
 
 
 5
 Accordingly, the judgments are affirmed.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Richard C. Erwin, United States District Judge for the Middle District of North Carolina, sitting by designation